# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

KISHA EVANS, individually and as next
friend of TME, and TME, a minor child,

    Plaintiffs,

vs.

CITY OF TULSA, STEPHEN BOYES,
TIMOTHY PIKE, and DAVID HALE,

    Defendants.

Case No. 08-cv-547-JHP-TLW

## OPINION AND ORDER

Defendants' Motion for Order for Disclosure of Confidential Records Relating to Plaintiff TME [Dkt. # 48] is before the undersigned United States Magistrate Judge for decision. Defendants have filed a response [Dkt. # 40], as have two interested parties, Tulsa County District Attorney Tim Harris and Tulsa County Clerk Sally Howe Smith [Dkt. # 56]. Pursuant to the Court's instructions at the October 1, 2009 hearing, defendants and plaintiffs have also filed supplemental briefing. [Dkt. # # 59, 60].

## Requested Relief

Defendants seek an order directing the Tulsa County Clerk and the Tulsa County District Attorney to release, as indicated, the following documents:

1. All court records, including docket statements and/or printouts, relating to Tulsa County Juvenile Case No. JDL-08-62 involving plaintiff TME (County Clerk);

2. All court records, including docket statements and/or printouts related to any other juvenile court proceedings involving plaintiff TME (County Clerk).

3. All Tulsa County District Attorney notes, files, or other materials relating to Tulsa County Juvenile Case No. JDL-08-662 involving plaintiff TME (District Attorney); and

4. All Tulsa County District Attorney notes, files, or other materials relating to any other juvenile court proceedings involving plaintiff TME (District Attorney).

Defendants also seek an order directing Family and Children Services ("FCS") to release the following documents:

All files, documents and/or correspondence in the possession of FCS relating to counseling received by TME following the incident on April 12, 2008.

At the October 1 hearing, all parties stipulated that FCS could produce the requested documents to defendants, with the exception of any notes taken by a counselor or other, similar, service provider while providing counseling services to TME. Defendants reserve their right to later request the production of any such notes.

## Analysis

Okla. Stat. tit. 10A, § 1-6-102 provides that certain agency records are confidential. Under Section 1-6-102(C), such records may be released or disclosed only pursuant to an order of the court. Section 1-6-102(E) sets forth a procedure for the disclosure of confidential records, as follows:

> E. When confidential records may be relevant in a criminal, civil, or administrative proceeding, an order of the court authorizing the inspection, release, disclosure, correction, or expungement of confidential records shall be entered by the court only after a judicial review of the records and a determination of necessity pursuant to the following procedure:
>
> 1. A petition or motion shall be filed with the court describing with specificity the confidential records being sought and setting forth in detail the compelling reason why the inspection, release, disclosure, correction, or expungement of confidential records should be ordered by the court. A petition or motion that does not contain the required specificity or detail may be subject to dismissal by the court;
>
> 2. Upon the filing of the petition or motion, the court shall set a date for a hearing and shall require notice of not less than twenty (20) days to the agency or person holding the records and the person who is the subject of the record if such person is eighteen (18) years of age or

older or to the parents of a child less than eighteen (18) years of age who is the subject of the record, to the attorneys, if any, of such person, child or parents and any other interested party as ordered by the court. The court may also enter an ex parte order compelling the person or agency holding the records to either produce the records to the court on or before the date set for hearing or file an objection or appear for the hearing. The court may shorten the time allowed for notice due to exigent circumstances;

3. At the hearing, should the court find that a compelling reason does not exist for the confidential records to be judicially reviewed, the matter shall be dismissed; otherwise, the court shall order that the records be produced for a judicial review. The hearing may be closed at the discretion of the court; and

4. The judicial review of the records shall include a determination, with due regard for the confidentiality of the records and the privacy of persons identified in the records, as to whether an order should be entered authorizing the inspection, release, disclosure, correction, or expungement of the records based upon the need for the protection of a legitimate public or private interest.

Id. In an effort to comply with Section 1-6-102(E), defendants filed their motion.

As addressed during the October 1 hearing, the Court's initial inquiry is whether or not Section 1-6-102(E) governs the production of the documents sought in this action, which involves federal civil rights claims and state law tort claims.

In federal question cases, federal courts are not bound by state statutes which impose limits on the discovery process. Hinsdale v. City of Liberal, Kansas, 961 F.Supp. 1490, 1495 (D.Kan. 1997) (state law does not govern discoverability and confidentiality in federal question cases); King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) ("[S]tate law does not govern the discoverability

3

and confidentiality in federal civil rights actions."). Rather, in such cases, federal law concerning both procedure and privilege governs.[1]  Fed. R. Civ. P. 1, Fed. R. Evid. 501.

This case, however, involves both federal questions and state law tort claims. Moreover, plaintiffs argue that the documents sought by defendants are relevant, if at all, only to plaintiffs' state law claims. Dkt. # 59 at 2. Thus, plaintiffs argue, the Court should view this issue in the context of a state law privilege claim or, in the alternative, defer to the state statute under principals of comity. If Section 1-6-102 conferred a privilege on the documents sought by defendants, plaintiffs' argument might have merit. Section 1-6-102, however, is entitled "Confidential records" and provides that "the following records are confidential." Id. Section 1-6-102(E) further provides that a "petition or motion shall be filed with the court describing with specificity the confidential records." Id. (emphasis added). No where does the word "privilege" even appear within Section 1-6-102. Thus, Section 1-6-102 does not give the documents at issue any privileged status and Fed. R. Civ. Proc. 26 governs their discoverability. Therefore, the issue before the Court is whether the documents sought are relevant to a claim or defense in this case. Fed. R. Civ. P. 26 ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . .").

In view of the allegations in plaintiffs' Complaint and in plaintiffs' responses to defendants' interrogatories, and the scope of discovery under Fed. R. Civ. P. 26, the documents sought are an appropriate area of discovery in this case, and, therefore, must be produced as set forth herein.[2]

---

[1] In their supplemental briefing, defendants cite a large number of additional cases that stand for the same proposition. [Dkt. # 60 at 1-2]. These cases cogently explain the principal at issue.

[2] This issue was addressed, in detail, during the October 1 hearing.

Further, the Federal Rules of Civil Procedure provide ample means to protect the confidentiality of the documents to be produced and the privacy interests recognized in Section 1-6-102(E), and there is no reason to encumber document production in this case with the procedures contained in that state statute.

Nonetheless, the Court recognizes the statutes' expression of the state's interest in protecting the confidentiality of agency records and the privacy of persons identified therein. As custodian of the documents, the Tulsa County Clerk and the Tulsa County District Attorney are in a better position than the Court is to consider in the first instance whether and how particular documents should be protected given the facts and circumstances of this case. These third parties are also in a position to provide notice to any person who they determine should be advised of the requested disclosure of records. It is therefore appropriate to place the obligation on these third parties to review the documents, to identify any particular documents in need of protection, to give notice to appropriate persons, and to negotiate with defendants' counsel regarding the terms of a protective order in light of the needs of this case. The parties and the third parties are therefore ordered to confer and attempt to agree on the terms of a protective order to govern the handling and use of these documents. If the parties are unable to resolve the matter after a good faith conference, the third parties or plaintiffs may file a motion for protective order addressing the specific records at issue.

Defendants' Motion for Order for Disclosure of Records Relating to TME [Dkt. # 48] is GRANTED in part and DENIED in part. The Tulsa County Clerk, the Tulsa County District Attorney, and Family and Children Services are hereby authorized and required to release to defendants the documents identified on pages one and two above. The documents shall be released on or before October 16, 2009, in accordance with the terms of this Opinion and Order.

ORDERED this 7th day of October, 2009.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　T. Lane Wilson
　　　　　　　　　　　　　　　　　　United States Magistrate Judge